ROBERT M. PARKER, Circuit Judge,
specially concurring:
The absurdity of our Fourth Amendment jurisprudence, as it relates to the southern border area of Texas, is well illustrated by Judge Wiener’s dissent in United States v. Zapata-Ibarra. In addition to the factual scenarios he lists in his dissent that we have judicially blessed, we can now add spending five seconds at a Stop sign prior to turning left, and driving 20 mph through a school zone when the blinking light was off.
The stop was seventy-five miles from the border, well beyond our artificial fifty mile limit. There is no evidence that the *432 truck had crossed the border. The articulated reason of lead car/following car had been dispelled, a fact which decreases the relevance that at some point (undisclosed for security purposes) within the park two vehicles passed a sensor. The officers also mentioned the highly suspicious slowing within the speed limit as the defendants were being followed and the Kansas license plate on the vehicle. This last point had particular significance for one of the officers, since at one point in his career he made a case involving a Kansas destination.
I find no rational or principled basis upon which to conclude that either reasonable suspicion or probable cause existed that would justify the stop in this ease. I choose to specially concur because I recognize that at this point in time, in this circuit, a dissent would be an exercise in futility. I remain hopeful that at some point in time, the hysteria regarding the ill-fated war on drugs and its impact on the Fourth Amendment will subside and the rule of reason will again prevail.